UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN A. FOSTER,

    Plaintiff,

v.                                          Case No:   6:14-cv-2102-Orl-40TBS

THE COCA-COLA COMPANY,

    Defendant.

_____

### ORDER

This case comes before the Court on the Motion to Compel on Behalf of Defendant, The Coca-Cola Company (Doc. 17).   For the reasons that follow, the motion is due to be granted.

On March 6, 2015, Defendant served a request for the production of documents on Plaintiff John A. Foster (Id., at 1).   Plaintiff responded to the requests for production on May 8 (Id., at 4).   In addition to being untimely, his response is incomplete, and he has not produced any documents (Id., at 9).

Defendant also served interrogatories to Plaintiff on March 6, 2015 (Id., at 1).   On April 22, 2015, Plaintiff served untimely, incomplete and unverified answers to the interrogatories (Id.).   Plaintiff provided better answers on May 8 (Id., at 3).   However, he still has not answered interrogatories 10 and 11, or signed his answers under oath (Id., at 3-4).

Defendant seeks a Court order compelling Plaintiff to provide a written response to the requests for production that complies with FED. R. CIV. P. 34(b)(2)(B), to produce the requested documents, and to answer the interrogatories in full, under oath.   Plaintiff has

not filed a response to the motion and the time within to do so has expired. When a party fails to respond, that is an indication that the motion is unopposed. Jones v. Bank of America, N.A., 564 Fed. Appx. 432, 434 (11th Cir. 2014)[1] (citing Kramer v. Gwinnett Cnty., Ga., 306 F.Supp.2d 1219, 1221 (N.D.Ga. 2004); Daisy, Inc. v. Pollo Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951 at *1 (M.D.Fla. May 14, 2015) (Because defendant did not respond to motion to compel court could consider the motion unopposed). Based upon Plaintiff's failure to respond to Defendant's motion, the Court proceeds on the basis that Plaintiff does not oppose any of the relief requested by Defendant.

In discovery, a party can ask another party "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" documents, electronically stored information, or other "tangible things" that are "in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1). The recipient of a request for production has 30 days to respond. FED. R. CIV. P. 34(b)(2)(A). For each request, the responding party "must either state that inspection ... will be permitted as requested or state an objection to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). When a party "fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Rule 34," the requesting party can move for an order compelling production. FED. R. CIV. P. 37(a)(3)(B)(iv). "[A]n evasive or incomplete disclosure, answer, or response" to a discovery request is "treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

Parties can also propound interrogatories relating to any matter within the scope of

---

[1] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." CTA11 Rule 36-2.

discovery. FED. R. CIV. P. 33(a). The responding party must answer or object to each interrogatory within thirty days after service of the interrogatories. FED. R. CIV. P. 33(b)(2). "The grounds for objecting to an interrogatory must be stated with specificity." FED. R. CIV. P. 33(b)(4).

As a general rule, in the absence of an extension of time for good cause, the failure of a party to object timely to interrogatories, production requests, or other discovery efforts constitutes a waiver of any objections the responding party may have. In re U.S., 864 F.2d 113, 1156 (5th Cir. 1989); Siddiq v. Saudi Arabian Airlines Corp., No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485 *3 (M.D. Fla. Dec. 7, 2011) (Party that does not assert objections to discovery within time permitted by rule, stipulation, or court order waives objections and is precluded from asserting objections in response to a motion to compel.); Brenford Environmental Systems, L.P. v. Pipeliners of Puerto Rico, Inc., 269 F.R.D. 143 (D.P.R. 2010) (A responding party that fails to make a timely objection may be found to have waived any objections.); Bank of Mongolia v. M & P Global Financial Services, Inc., 258 F.R.D. 514, 518 (S.D. Fla. 2009) (Defendant who failed to timely object to plaintiff's document requests and failed to respond to inquiries concerning the whereabouts of the responses waived its objections.); Enron Corp. Savings Plan v. Hewitt Associates, L.L.C., 258 F.R.D. 149, 156 (S.D. Tex. 2009); Pitts v. Francis, No. 5:07cv169/RS/EMT, 2008 WL 2229524 at *2 (N.D.Fla. May 28, 2008); Coker v. Duke & Co., Inc., 177 F.R.D. 682, 685 (M.D.Ala. 1998); Applied Systems, Inc. v. Northern Insurance Co. of New York, 1997 WL 639235 *2 (N.D. Ill. Oct. 7, 1997) (A party's failure to raise a timely objection to discovery requests may constitute a wavier of the objection, including the waiver of objections based upon privilege.). The Court finds that Plaintiff has waived whatever objections he might otherwise have had to the requests for

production and interrogatories.

Now, Defendant's motion to compel is **GRANTED**.   Within seven days from the date of this Order, Plaintiff shall:

(1) provide a written response to Defendant's requests for production;

(2) produce all of the requested documents to Defendant;

(3) answer in full, Defendant's interrogatories numbered 10 and 11; and

(4) sign under oath, his answers to all of Defendant's interrogatories.

FED. R. CIV. P. 37(a)(5)(A) provides that the Court must grant "reasonable expenses incurred in making the motion [to compel], including attorney's fees," unless the movant filed the motion before attempting in good faith to obtain the discovery without court action; the opposing party's position was substantially justified; or other circumstances make award of expenses unjust.   None of the exceptions apply in this case.   Accordingly, Defendant shall recover from Plaintiff, its reasonable attorney's fees and costs incurred in making the motion to compel.   Plaintiff shall submit its application for fees and costs within fourteen days from the rendition of this Order and then Plaintiff shall have fourteen days to respond.   The parties may avoid this procedure by agreeing to the amount to be awarded to Defendant.

**DONE and ORDERED** in Orlando, Florida this June 2, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies to Counsel of Record